United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO O. VALLE, JR., | No. C 07-1333 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| 850 BRYANT STREET CJ2 7TH FLOOR MEDICAL/MENTAL HEALTH, | |
| Defendant. | |

On August 21, 2006, Julio O. Valle, Jr. ("plaintiff"), an inmate incarcerated in the San Francisco County Jail ("County Jail") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging he received inadequate medical care during his incarceration.[1] By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

---

[1] In Section II.A. of the form complaint, under "Parties," plaintiff lists two inmates, Jose Lopez and Pablo Lopez, as "additional plaintiffs." These two individuals are not included as plaintiffs in the caption of the complaint, however, and thus were not included in the Court's docket. Further, the complaint includes no allegations pertaining to either of them. Moreover, neither has signed the complaint, as required by Rule 11 of the Federal Rules of Civil Procedure, and plaintiff, who is not an attorney, may not sign the complaint for them or otherwise represent them herein. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (holding pro se litigant may not appear on behalf of or represent another person). Consequently, the Court does not consider Jose Lopez and Pablo Lopez to be plaintiffs herein. If such individuals wish to bring claims in federal court, they may do so by filing a new complaint in a separate action, in accordance with the Federal Rules of Civil Procedure.

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> <u>id.</u> § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Claims</u>

Plaintiff alleges that he "explained to medical and mental health [his] concerns and issues about [his] health and mental illnesses," but jail officials "ignored" him.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." <u>Id.</u> (citing <u>Estelle v. Gamble</u>, 429 U.S. at 104). Indications that a prisoner has a "serious" need for medical treatment include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic and substantial pain. <u>Id.</u> at 1059-60 (citing <u>Wood v. Housewright</u>, 900

F.2d 1332, 1337-41 (9th Cir. 1990)).  Here, plaintiff does not allege the nature of his medical condition or conditions, nor does he describe what medical treatment he sought from jail officials.  Consequently, the Court cannot discern whether he had a sufficiently "serious" medical need to implicate his constitutional right to medical care.  Plaintiff will be given leave to amend the complaint to describe the nature of his medical condition or conditions, his requests for medical care, and the jail officials' responses, if any, to such requests.

Moreover, plaintiff has not named any jail official as a defendant, nor has he alleged how any such individual official was involved in responding, or failing to respond, to his requests for medical attention.  To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  The only defendant named in the complaint is "850 Bryant Street CJ2 7th Floor Medical/Mental Health."  The Court takes judicial notice that 850 Bryant Street is the address for the County Jail, and, consequently, it appears that plaintiff is trying to name the jail's medical and mental health department, if such department exists, as the defendant.  Naming any such department as a whole does not suffice to plead a claim, however.  Because an individual defendant cannot be held liable based solely on his membership in a group, a showing of his individual participation in unlawful conduct is required.  See Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).  Plaintiff will be given leave to amend the complaint to identify, if possible, the jail officials involved in allegedly failing to provide him adequate care, and to set forth specific facts showing how each such defendant's actions proximately caused him injury or harm.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.     The complaint is hereby DISMISSED with leave to amend.  Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies noted above.

3

1  Plaintiff shall complete the form, and include in the caption both the case number of this
2  action, No. C7-1333 MMC (PR), and the phrase "AMENDED COMPLAINT."

3        An amended complaint supersedes the initial complaint and may not incorporate by
4  reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811,
5  814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer
6  defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern
7  actions filed by pro se litigants as well as litigants represented by counsel. See King v.
8  Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

9        Accordingly, if plaintiff wishes to amend his complaint to include new claims and
10 new defendants, he must file an amended complaint, which amended complaint also must
11 include any claims from the original complaint he wishes to preserve.

12 **If plaintiff fails to timely file an amended complaint in conformity with this order, the**
13 **action will be dismissed.**

14    2.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
15 informed of any change of address and must comply with the court's orders in a timely fashion.
16 Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil
17 Procedure 41(b), for failure to prosecute.

18       IT IS SO ORDERED.
19 DATED: June 11, 2007

_____
MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California

4